JAMES FARNSWORTH vs. JASON C. PIERCE.                 FRANKLIN,
January,
The court, upon the application of one party, and without the consent of the other, will   1835.
issue a *dedimus potestatem* to take testimony in a foreign jurisdiction.

This was an action of assumpsit, in two counts, to which the
defendant plead the general issue.

It came here from the county court upon a bill of exceptions
taken upon the trial before the jury, by the defendants, to the ad-
mission of depositions taken in Canada, by commissioners, under a
*dedimus potestatem*, granted on application of the plaintiff, to which
it did not appear that the defendant had ever given his assent.
Other exceptions were taken, but on trial here were abandoned.

*Smalley & Adams for defendant.*—The county court could not,
on the application of the plaintiff, legally issue a *dedimus potestatem*

FRANKLIN, to take the testimony of witnesses in Canada, without the consent
January, of the defendant.—1 Stark. Ev. 276, 277.   1 Arch. Prac. 153,
1835.
Farnsworth 154.   *Stevens* vs. *Crichton*, 2 East. Rep. 256.   *Taylor* vs. *The*
vs. *Royal Exchange Insurance Company*, 8 East. 329.   *Calliand* vs.
Pierce. *Vaughan*, 1 B. and P. 209–10.

In this case, such consent is wanting; therefore the depositions
offered by the plaintiff were improperly admitted.

*Hunt and Beardsley contra.*—The first question presented by
the exceptions is, whether the court properly admitted the depo-
sitions of John Taylor and others.

In the absence of any statute regulation on the subject, the
plaintiff insists that the court, *ex officio*, have the power to pre-
scribe forms and regulations in the procurement of testimony ne-
cessary in the proper administration of justice.   Courts in England
have in some instances exercised it, and for a long time it has been
the common practice of our courts.

Without the exercise of this power by our courts, there must
be in many cases a total failure of justice for the want of testimony
of witnesses, where attendance could not, by any legal process, be
compelled.

The opinion of the court was delivered by

MATTOCKS, J.—The only question which has been argued in
this case is, whether the county court has power, on the applica-
tion of one party, to issue a *dedimus potestatem* to take testimony
in a foreign country, without the consent of the adverse party.
The other exception taken at the trial is abandoned.   As the case
does not say whether the commission to take testimony was issued
with or without consent, perhaps we might be justified in presum-
ing consent.   But as the main question is of some practical impor-
tance, and has not been directly decided by this court, we do not
presume consent, but decide the question submitted.

In England, a party in a suit at law can obtain a commission by
applying to the court of chancery, without the consent of his ad-
versary.   But in the courts of law, unless the opposite party con-
sents, none are granted.—1 Chit. 276, and note.   The reason of
this difference is not stated, but probably it is because all writs
originally issued from the chancery, and common law courts have
not, as yet, in this instance, presumed to interfere.   But as the
expense of the commission, in chancery, is borne by the applicant,
so at law, when consent is given, it is ordered in the same way;

FRANKLIN,
January,
1835.

Farnsworth
vs.
Pierce.

for otherwise, consent would never be obtained. This obliges the prevailing party to lose the expense of obtaining his necessary testimony, which the courts regret, but do not avoid, lest it drive the applicant into chancery, which would be far more expensive. They also endeavor to force the adverse party to consent, but, it seems, with little effect, in many cases. Some authors say, the court will put off the trial until the other party will consent. That may do where the defendant applies, but if the plaintiff desires the commission, to put off the trial to punish the defendant would be like reprieving a criminal, unless he would consent to be executed. But Starkie says, " The court will put off the trial at the instance of the defendant, if the plaintiff will not consent; and if the defendant refuse, the court will not give him judgment, as in case of a non-suit." What will they do? Not continue, not try, not nonsuit! This must be what is meant by hanging up a case. Yet, though this practice of the English courts, of requiring consent, seems unnecessary, it may be tolerable there on that island, where foreign jurisdictions do not come to suitors' thresholds, and where the court of chancery is always open. But here, where we are separated on most sides from other jurisdictions by only a mathematical line, and witnesses are daily floating away by the tide of emigration, and our court of chancery is seldom open, to deny the right, or to embarrass it with useless and unreasonable conditions, would in some cases prevent justice, and in many make expensive delays. But it is said that letters rogatory may be issued, and the courts of other countries may deign to take the testimony for us. But why obtest foreign tribunals to do that for us that we can better do for ourselves, by appointing a competent individual.

It has also been objected, as a reason against the power to issue the commission, that the witnesses would not be liable to indictment for perjury. This was intimated by the court in Calliand vs. Vaughan, 1 B. and P. 210; but it was on the ground that the commission would be illegal without consent. There is no intimation given, that if the commission was legal, the deponents would not be liable; and if we hold that the commission legally issued for one purpose, it would follow that it was legal for all purposes.

As to other objections to a conviction, they would be the same with consent as without. Nor would the legislature, if they passed an act be likely to do more than to expressly authorize the courts to issue commissions; still leaving the other questions to be mooted before the courts here or abroad, where the indictment may be found. And it may be sufficient on this point to say, that it must

FRANKLIN,
January,
1835.
Farnsworth
vs.
Pierce.

be the understanding of the judges and chancellors of England that the party offending may be punished somewhere, or the practice would not be continued there. To issue these commissions in any case, or to refuse them in all cases, here, is more than is or can be contended for. So that the question comes to this, may not our courts, which are entrusted with the general power of administering justice, adopt the salutary usaage of the common law courts, dropping as it were the proviso, which conflicts with the enacting clause. We do many things here directly, that in England are done by useless circuity, mostly indeed by legislative provisions. But we think it will not be overstepping the bounds of judicial modesty to make the correction in this point by our own inherent authority. It is believed that the practice in this state has been pretty general, if not universal, to issue these commissions, and that without consent being asked or required; and this, probably, is the reason why this power is given by the third section of the probate act to that court; it being supposed that the superior courts already had and exercised the power, but to a court of particular jurisdiction it was needful to confer it. Usage alone, this being rather a matter of practice, might be a sufficient ground for us to decide as we do, that the *dedimus potestatem* was legally issued, although without consent; and therefore the testimony taken under it was properly admitted.

Judgment affirmed.